# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CARPENTERS HEALTH & WELFARE FUND, et. al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE COCA-COLA COMPANY, et. al., <br><br> Defendants. | File NO. 1:00-CV-2838-WBH **(Consolidated)** <br><br> **NON-PARTY ERNST & YOUNG LLP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

## NON-PARTY ERNST & YOUNG LLP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Elizabeth V. Tanis
SUTHERLAND ASBILL & BRENNAN LLP
Ga. Bar. No.: 697415
999 Peachtree Street, NE
Atlanta, GA  30309-3996
Tel.: (404) 853-8000
Fax: (404) 853-8806
Email:  *beth.tanis@sablaw.com*

HELLER EHRMAN LLP
Kathleen M. Scanlon (pro hac vice pending)
7 Times Square
New York, New York  10036-6524
Tel.: (212) 832-8300
Fax.: (212) 763-7600

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................ii

PRELIMINARY STATEMENT............................................................................ 1

RELEVANT BACKGROUND ............................................................................ 3

      A.      The Class Action and Commencement of Discovery .......................... 3

      B.      E&Y's Response to the Non-Party Subpoena .................................... 4

      C.      Resolution of First Motion to Compel ................................................ 6

      D.      E&Y's Full Compliance with Judge Sweet's Order............................ 8

      E.      Second Motion to Compel ................................................................... 9

ARGUMENT ..................................................................................................... 11

I.      Plaintiffs' Motion Is Based Only Upon Conclusory Statements and Ignores Judge Hunt's Order that Limits the Class Action to Channel Stuffing and Asset Impairment Allegations.................................................................... 11

      A.      E&Y Has Produced All Documents from the 1998, 1999 and 2000 Workpapers Relevant to the Channel Stuffing and Asset Impairment Allegations. .................................................... 11

      B.      At a Minimum, Plaintiffs Should be Required to Meet and Confer with E&Y Using the Relevance Log as a Point of Reference. ...................................................................................... 14

II.      To Promote Judicial Efficiency and Consistency, Any Remaining Discovery Dispute Involving E&Y Should Not Be Decided in a Piece Meal Fashion Apart from the Discovery Occurring in the Class Action............................ 16

CONCLUSION ................................................................................................. 17

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Barr v. Matria Healthcare Inc.*,
    324 F. Supp. 2d 1369 (N.D. Ga. 2004) ......................................................13

*Caouette v. Officemax, Inc.*,
    352 F. Supp. 2d 134 (D.N.H. 2005) ..........................................................11

*City of Wichita, Kansas v. Aero Holdings, Inc.*
    No. 98-1360-MLB, 2000 WL 33170895 (D. Kan. Oct. 23, 2000)...............15

*Cooperman v. Fairfield Communities, Inc.*
    LR-C-90-464, Order (E.D. Ark. May 12, 1992).........................................12

*Echostar Communications Corp v. New Corp.*,
    180 F.R.D. 391 (D. Colo. 1998).................................................................11

*Fein v. Numex Corp.*
    92 F.R.D. 94 (S.D.N.Y. 1981) ...................................................................13

*In re Control Data Corp. Sec. Litig.*
    No. 3-85-1341, 1987 U.S. Dist. LEXIS 16829 (D. Minn. Dec. 10, 1987)...13

*In re Goodyear Tire & Rubber Co. Sec. Litig.*
    No. 1:89-0894X, 1991 WL 172930 (N.D. Ohio June 21, 1991).................12

*Marksman Partners, L.P. v. Chantal Pharm. Corp.*
    No. CV-96-0872, 1996 U.S. Dist. LEXIS 13870 (C.D. Cal. Aug. 15, 1996)
    .................................................................................................................12

*Nevada Power Co. v. Monsanto Co.*
    151 F.R.D. 118 (D. Nevada 1993) .............................................................16

*PRescient Partners, L.P. v. Fieldcrest Cannon, Inc.*,
    No. 96 Civ. 7590, 1998 WL 67672 (S.D.N.Y. Feb. 18, 1998)....................15

## Statutes

15 U.S.C.A § 78u-4 .......................................................................................13

Non-party Ernst & Young LLP ("E&Y") submits this Memorandum of Law ("E&Y Memorandum") in opposition to the Motion to Compel Non-Party Ernst & Young LLP to Produce Documents ("Motion to Compel"), and its accompanying Memorandum of Law ("Pls.' Mem."), filed by plaintiffs Carpenters Health & Welfare Fund, et al. ("Plaintiffs").

## PRELIMINARY STATEMENT

This is Plaintiffs' *second* attempt to seek *unlimited* access to certain workpapers of E&Y. Plaintiffs' first attempt, a motion to compel filed in the United States District Court for the Southern District of New York, failed. Specifically, on November 1, 2004, the court there ordered E&Y to (i) produce workpapers and communications with The Coca-Cola Company (the "Company") in connection with audits and reviews of the Company's financial statements for 1998, 1999, and 2000 and (ii) prepare and produce a log of documents from those files that were not produced on the grounds that they are not relevant. In other words, E&Y could withhold from Plaintiffs documents that E&Y deemed irrelevant but E&Y then needed to identify those withheld documents on a log. E&Y fully and timely complied with this Order.

In their second Motion to Compel, Plaintiffs are seeking *unlimited* access to each and every document listed on the log prepared by E&Y. Plaintiffs, however,

have failed to carry their burden of proving that these documents are discoverable. As described below, Plaintiffs' arguments entirely ignore the documents already produced by E&Y and the log prepared by E&Y describing the documents withheld on irrelevance grounds. Apparently unable to tackle head-on why the particular documents listed on E&Y's log should be produced, Plaintiffs resort instead to sweeping, conclusory assertions about audit workpapers in general and rely upon the identical accountant's declaration they submitted with their first motion to compel, which fails to even address the documents that E&Y already has produced and the log. Plaintiffs' motion should be denied.

Alternatively, before this Court rules on Plaintiffs' motion, Plaintiffs should be required to meet and confer with E&Y using the relevance log to identify and explain why a particular category of documents on the log is relevant. Moreover, many of the issues germane to resolution of this Motion to Compel are being briefed by the parties in the underlying federal securities class action (the "Class Action"). Specifically, on April 26, 2005, Plaintiffs filed a Motion to Compel Defendant The Coca-Cola Company to Produce Documents (the "Motion to Compel Coca-Cola"). One of the specific issues raised in the Motion to Compel Coca-Cola overlaps with the E&Y documents at issue here. (Motion to Compel Coca-Cola at 19.) Efficiency and consistency of result favor this Court deciding

E&Y's relevance objections in conjunction with the Company's relevance objections.

## RELEVANT BACKGROUND

**A.     The Class Action and Commencement of Discovery**

Plaintiffs filed the underlying Class Action against the Company and several of its executives in the Northern District of Georgia, the Honorable Willis B. Hunt, Jr. presiding.  The Class Action alleges violations of § 10(b) of the Securities Exchange Act of 1934 during the period October 21, 1999 through March 6, 2000. In the four years since the Class Action, Judge Hunt has issued two orders in connection with two comprehensive motions to dismiss.

In the second of those orders, issued March 31, 2004, Judge Hunt significantly limited the scope of the Class Action.  (*See* Declaration of David A. Bain in Support of Motion to Compel Non-Party Ernst & Young LLP to Produce Documents (hereinafter cited as "Bain Decl.") Ex. E.)  In his Order, Judge Hunt pared down the allegations to two categories: (i) those allegations that relate to the Company's alleged failure to disclose that it was causing its bottler to prematurely accept large volumes of excessive beverage concentrate and improperly accounting for those sales (*i.e.*, the "Channel Stuffing allegations"); and (ii) those allegations that relate to the Company's alleged failure to timely disclose that certain bottling

and vending assets were impaired (*i.e.,* the "Asset Impairment allegations"). (*See* Bain Decl. Ex. E at 13, 17.)

After Judge Hunt issued his Order, discovery commenced in the Class Action. On May 17, 2004, Plaintiffs served document demands on the Company and other defendants in the Class Action. On May 18, 2004, Plaintiffs served E&Y at its New York, New York offices with a Non-Party Subpoena issued by the United States District Court for the Southern District of New York.[1] (Bain Decl. Ex. F.)

## B.   E&Y's Response to the Non-Party Subpoena

The Non-Party Subpoena served on E&Y was objectionable on grounds of, *inter alia*, relevance, overbreadth, and confidentiality/privilege issues.[2] (Bain

---

[1] E&Y notes that its Atlanta offices possess the workpapers at issue here and a subpoena could have been issued by the United States District Court, Northern District of Georgia. If that had been done, any discovery disputes could have been resolved by Judge Hunt from the beginning.

[2] The scope of documents requested by the Plaintiffs in the Non-Party Subpoena was unduly vast: *All* documents concerning *any* professional services performed by E&Y for the Company (Req. No. 1) (emphasis added); *all* audit documentation and engagement workpapers concerning *all* professional services performed by E&Y (Req. No. 2) (emphasis added); *all* documents constituting or concerning communications to, from, or relating to the Company (Req. No. 3) (emphasis added); *all* documents concerning the Company's accounting treatment for payments it made to its bottlers, including but not limited to support payments and payments to contribute to a bottler's expenditures for advertising, marketing,

*(Footnote continued)*

4

Decl. Ex. G.)  Accordingly, E&Y responded by serving Objections (the

"Objections"), which stated in part that:

> These requests seek essentially all documents in E&Y's files
> that relate in any way to the [Company] … for the period
> January 1, 1998 to date, a period of more than seven years,
> without any limitation as to subject matter.  The class period
> alleged in the amended complaint is October 21, 1999 through
> March 6, 2000, only a portion of 2 of the audit years sought,
> and the subject matter at issue in this case has been limited by
> the Court's ruling on the Motion to Dismiss [dated March 31,
> 2004].

(Bain Decl. Ex. G ¶ 6.)

Despite the overly broad and burdensome scope of the Non-Party Subpoena,

E&Y offered in its Objections to produce relevant papers from its files, subject to

appropriate confidentiality protections:

---

vending assets, cooperative advertising, operating expenses or equipment (Req.
No. 4) (emphasis added); *all* time and expense reports concerning services
performed for the Company (Req. No. 5) (emphasis added); *all* documents relating
to billings and fees concerning the Company (Req. No. 6) (emphasis added); and
*all* detailed engagement time budgets, including but not limited to engagement
budget vs. actual schedules broken out by engagement area (Req. No. 7) (emphasis
added).  (Bain Decl. Ex. F.)  To the extent that Plaintiffs are seeking any
documents other than those required to be produced pursuant to Judge Sweet's
Order, E&Y reserves all objections, including Plaintiffs' failure to comply with
Rule 37.1 of the Civil Local Rules of Practice for the United States District Court
for the Northern District of Georgia.

> Subject to and without waiver of the foregoing objections, at a mutually convenient time and place to be agreed upon by the parties, E&Y will produce audit workpapers for the audits of the financial statements of the [Company] for the years ended December 31, 1999 and 2000 that relate to the allegations of channel stuffing and asset impairment as limited by the court's March 31, 2004 order granting in part Defendant's Motion to Dismiss the Amended Complaint.

(Bain Decl. Ex. G ¶ 8.)

Thereafter, a series of correspondence was exchanged between E&Y and Plaintiffs' counsel.  (*See* Bain Decl. Ex. H-K, M.)  In this exchange of correspondence, E&Y explicitly addressed Plaintiffs' concerns that they might not understand the relevant workpapers unless they had unlimited access to all workpapers:

> . . . To address your concern about the possibility that other workpapers may be needed to understand those produced, as I previously indicated, to the extent the documents produced contain cross-references to other workpapers relevant to the specific topics, we will produce the cross-referenced material. Further, I previously invited you, once you had reviewed the documents we propose to produce, to come back to me if there are any areas you can identify in which you genuinely need more information to understand what we produced.

(Bain Decl. Ex. K.)

In response, however, Plaintiffs' counsel deemed that an impasse had been reached, and thereafter filed their first motion to compel (Bain Decl. Ex. M),

despite E&Y's continuing proposal to respond to the Non-Party Subpoena in an efficient and proper manner.

## C.    Resolution of First Motion to Compel

In their first motion to compel, Plaintiffs argued the exact same points that they are asserting here – *i.e.*, they are entitled to unlimited access to the requested workpapers.  E&Y objected to the Non-Party Subpoena on the grounds set forth in its Objections, but continued to offer to produce relevant documents from the workpapers at issue here.  E&Y further argued that it was more appropriate for Judge Hunt to resolve any discovery disputes in order to avoid piecemeal and inconsistent outcomes that would result if another court resolved the disputes apart from the discovery that was occurring in the Class Action.

Judge Sweet, as reflected by the Order dated November 1, 2004 (Bain Decl. Ex. A), struck a balance between Plaintiffs' concerns that E&Y might not produce all workpapers that Plaintiffs deemed relevant and E&Y's concern that Plaintiffs were engaging in a fishing expedition.  Judge Sweet ordered that E&Y (i) produce relevant workpapers and communications with the Company in connection with the audits and reviews of the Company's financial statements for 1998, 1999 and 2000, *and*, (2) create a log of the documents not produced on grounds of irrelevance.  By requiring E&Y to list the category of documents not produced on

grounds of irrelevance, Judge Sweet ensured that Plaintiffs could determine exactly

which documents they deemed relevant that were not produced and could confer

with E&Y regarding those documents.  Moreover, Judge Sweet accepted E&Y's

contention that, for purposes of judicial efficiency and consistency, Judge Hunt of

the Northern District of Georgia was better suited to decide any subsequent issues

of relevance.

Specifically, Judge Sweet's Order stated:

> 1.   All 1998, all 1999 and all 2000 workpapers and communications with the Company in connection with the audits and reviews of the Company's financial statements for those years are to be produced;

> 2.   To the extent E&Y does not produce any documents referenced in No. 1 above, on the grounds of privilege or relevance those documents shall be identified by category on a log which will be provided to plaintiffs;

> 3.   E&Y consents to the submission of jurisdiction before Judge Hunt in the Underlying Action for resolution of any discovery disputes that remain with the Non-Party Subpoena;

> 4.   Any production of documents pursuant to this Order are subject to entry of an appropriate confidentiality order or agreement of the parties; and

> 5.   The terms of this Order shall in no way create any obligation inconsistent with the Federal Rules of Civil Procedure.

(Bain Decl. Ex. A.)

**D.      E&Y's Full Compliance with Judge Sweet's Order**

On November 22, 2004, E&Y produced for 1998, 1999 and 2000, relevant

audit workpapers and communications with the Company in connection with the

audits and reviews of the Company's financial statements for those years.  (Bain

Decl. Ex. A; Declaration of Kathleen Scanlon in Support of the Memorandum of

Law in Opposition to Plaintiffs' Motion to Compel Non-Party Ernst & Young LLP

to Produce Documents (hereinafter cited as "Scanlon Decl.") Ex. A.)  On

December 14, 2004, E&Y prepared and produced a relevance log, which is 51

pages because of its detail, pursuant to paragraph 2 of the Order.  (Scanlon Decl.

Ex. B.)  The record clearly shows that E&Y promptly and fully complied with

Judge Sweet's Order.  Indeed, E&Y prepared and produced the documents early

pursuant to a confidentiality letter agreement instead of waiting for entry of an

appropriate confidentiality order in the Class Action, even though Judge Sweet's

Order allowed E&Y to wait until such entry before producing its documents.

(Scanlon Decl. Ex. A.)

**E.      Second Motion to Compel**

For almost five months after the production of the relevant workpapers and

accompanying log, E&Y heard *nothing* from Plaintiffs regarding E&Y's

production.  The first notice that E&Y received concerning Plaintiffs' issues with

the E&Y production was in mid-April 2005 when it was served with Plaintiffs' second Motion to Compel.  (Scanlon Decl. Ex. C.)  In their second Motion to Compel, Plaintiffs again assert that they are entitled to unlimited access to E&Y's accounting workpapers and communications relating to its audits undertaken on behalf of the Company.

Totally ignoring E&Y's intervening document production and preparation of a detailed log describing the categories of documents that E&Y believed irrelevant to the remaining allegations in the Class Action, Plaintiffs' second Motion to Compel resorts to the same general, unspecific and conclusory arguments that they made to the court in connection with their first motion to compel.  Plaintiffs thus fail to substantiate how or why the relevant documents that E&Y has already produced are in any manner inadequate for Plaintiffs' purposes.  For example, Plaintiffs proclaim that they need access to all of E&Y's workpapers because the workpapers produced may contain cross-references to workpapers not produced.  (*See* Pls'. Mem. at 4.)  Nowhere, however, do Plaintiffs' papers, or their accompanying declaration of Wanda Lorenz ("the Lorenz Declaration"), identify even one document produced by E&Y that contained cross-references to other documents which were not produced.  (Bain Decl. Ex. D.)  In addition, even a cursory review of the relevance log demonstrates that the documents listed are not

relevant to the Class Action's remaining allegations of channel stuffing and asset impairment – *e.g.*, "Employee Retirement Plan;" "Pension/Other Postretirement Benefit Costs & Disclosures;" "Stock Options (Year –End);" "Restricted Stock Plan (Year-End);" "Officer Expense Reports."  (Scanlon Decl. Ex. B.)

Plaintiffs' reliance on the Lorenz Declaration to support their argument that they are entitled to all workpapers also underscores the absence of any legitimate basis for Plaintiffs' conclusory claims that they need all of the E&Y's workpapers listed on the relevance log.  The Lorenz Declaration submitted here is merely a copy of the declaration that Plaintiffs submitted in their first motion to compel. Indeed, there is no indication that Plaintiffs' accountant, Ms. Lorenz, has ever reviewed the documents produced by E&Y or the relevance log.  Having been written before Judge Sweet issued his Order, the Lorenz Declaration takes no account of the procedure set up by Judge Sweet and E&Y's good faith efforts to comply.  Nor does the Lorenz Declaration address how the documents that E&Y produced are inadequate, and why the documents listed on the relevance log are relevant to the remaining Channel Stuffing and Asset Impairment allegations.

# ARGUMENT

**I.    Plaintiffs' Motion Is Based Only Upon Conclusory Statements and Ignores Judge Hunt's Order that Limits the Class Action to Channel Stuffing and Asset Impairment Allegations.**

### A. E&Y Has Produced All Documents from the 1998, 1999 and 2000 Workpapers Relevant to the Channel Stuffing and Asset Impairment Allegations.

E&Y has produced all of the relevant audit workpapers, under an appropriate letter agreement pending entry of a protective order, for the years ended December 31, 1998, 1999 and 2000 that relate to the Channel Stuffing and Asset Impairment allegations.  For the Plaintiffs to move to compel a larger universe of documents based only on conclusory statements and the Lorenz Declaration which does not even address the documents already produced nor the relevance log both reveals that Plaintiffs are on a fishing expedition and fails to satisfy their burden that they are entitled to the documents they request.  *See Caouette v. Officemax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005) ("The party seeking information in discovery over an adversary's objection has the burden of showing its relevance."); *Echostar Communications Corp v. New Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (stating that the party seeking discovery has burden to show relevancy).

The few concrete statements – as opposed to conclusory ones – contained in Pls.' Mem. as to why the documents they are seeking are relevant focus *only* on the Channel Stuffing and Asset Impairment allegations.  (*See, e.g.*, Pls'. Mem. at 2, n.3 ("shed light on Coke's practice of channel stuffing," "reflect the events, conditions and circumstances surrounding Coke's improperly avoiding asset impairment charges that have negatively impacted its reported financial results".)  E&Y, however, has already produced documents responsive to these arguments.  The remainder of Plaintiffs' assertions are merely conclusory.

Moreover, the cases cited by the Plaintiffs are unavailing.  In *Cooperman v. Fairfield Communities, Inc.*, LR-C-90-464, Order (E.D. Ark. May 12, 1992) and *Marksman Partners, L.P. v. Chantal Pharm. Corp.*, No. CV-96-0872, 1996 U.S. Dist. LEXIS 13870 (C.D. Cal. Aug. 15, 1996), the non-party auditors were contesting the relevancy of *any* of their workpapers.  Unlike the auditors in *Cooperman* and *Marksman*, E&Y has produced the relevant portions of its audit workpapers for the years 1998, 1999 and 2000 that relate to the remaining Channel Stuffing and Asset Impairment allegations.

Plaintiffs' case law also does not reflect the current discovery practice in securities litigation.  *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 1:89-0894X, 1991 WL 172930 (N.D. Ohio June 21, 1991); *In re Control Data Corp.*

13

*Sec. Litig.*, No. 3-85-1341, 1987 U.S. Dist. LEXIS 16829 (D. Minn. Dec. 10,

1987); and *Fein v. Numex Corp.*, 92 F.R.D. 94 (S.D.N.Y. 1981) – all cited by

Plaintiffs  –  are all pre-Private Securities Litigation Reform Act ("PSLRA"), 15

U.S.C.A § 78u-4.  This distinction is significant; the PSLRA mandates that

discovery be stayed while the sufficiency of a plaintiff's allegations is litigated, a

stay that is designed to ensure that a plaintiff is not given discovery as to

allegations that do not withstand scrutiny under the PSLRA.  *See Barr v. Matria*

*Healthcare Inc.*, 324 F. Supp. 2d 1369, 1377 (N.D. Ga. 2004) (recognizing that the

PSLRA was intended to eliminate "fishing expeditions" by prohibiting discovery

while the sufficiency of a plaintiff's pleadings were determined).  Pursuant to the

PSLRA's provisions that the court determine the sufficiency of the plaintiff's

allegations before discovery is permitted, Judge Hunt ruled on two motions to

dismiss in this case.  After parsing through the various allegations, Judge Hunt

determined that only two categories of allegations survived – the Channel Stuffing

and Asset Impairment allegations.  By continuing to push for discovery far

surpassing the allegations that survived the Company's motions to dismiss,

Plaintiffs ignore Judge Hunt's decisions.  Given the PSLRA's prohibition of

discovery as to allegations that have not passed judicial muster, Plaintiffs' Motion

to Compel inappropriately attempts an end-run around the PSLRA.  Notably, none

of the pre-PSLRA cases cited by Plaintiffs involved a court narrowing the allegations in the complaint as Judge Hunt did here.

In sum, Plaintiffs have offered no valid basis upon which they are entitled to access to all the workpapers at issue here and their Motion to Compel should be denied.

### B. At a Minimum, Plaintiffs Should be Required to Meet and Confer with E&Y Using the Relevance Log as a Point of Reference.

At a minimum, Plaintiffs should be required to meet and confer with E&Y using the relevance log and documents produced by E&Y to date as a basis for discussion. Instructive here is Rule 37.1(A)(1) of the Civil Local Rules of Practice for the United States District Court of the Northern District of Georgia ("Local Rules"), which requires that motions to compel, "[i]nclude the certification of counsel with regard to the duty to confer required by Fed. R. Civ. P. 37(a)(2)(A)(B)[.]"

In the past five months, Plaintiffs have made *no* effort to meet and confer with E&Y over the disputed documents despite E&Y's request that Plaintiffs do so. Upon receipt of the second Motion to Compel, E&Y's counsel promptly contacted Plaintiffs' counsel by letter and stated:

> Prior to subjecting the parties and the Northern District of Georgia to costly, time-consuming, and potentially unnecessary motion practice, and in the spirit of the Local Rules, we propose that a

meet and confer be set for the week of April 25, to discuss the documents on the log.  If we are unable to come to an agreement at such time, we can establish a briefing schedule for resolution of the outstanding issues.

(Scanlon Decl. Ex. C at 1-2.)

Plaintiffs' counsel declined E&Y's common sense offer (Scanlon Decl. Ex. E), opting instead to disregard the relevant documents that E&Y already produced and the detailed E&Y relevance log describing by category those documents not produced.  By refusing to grapple with the particular documents on E&Y's log, Plaintiffs have rendered futile Judge Sweet's order requiring E&Y to undertake the substantial burden of preparing the log.  The detail provided in the log was intended as a means of narrowing the issues before this Court.  It was exactly for this purpose that Judge Sweet ordered that such a log be prepared by E&Y.

Plaintiffs' refusal to use the relevance log to identify any documents they deem relevant, as parties would if this were a privilege log, demonstrates the lack of foundation for their motion.  *See PRescient Partners, L.P. v. Fieldcrest Cannon, Inc.,* No. 96 Civ. 7590, 1998 WL 67672, at *4 (S.D.N.Y. Feb. 18, 1998) (denying motion to compel where movants failed to show that the parties "specifically discussed the twenty three categories of items it seeks to have compelled, let alone shown that any negotiations that occurred were a good faith effort to resolve the

dispute without court action."); *City of Wichita, Kansas v. Aero Holdings, Inc.*, No.

98-1360-MLB, 2000 WL 33170895, at *1 (D. Kan. Oct. 23, 2000) (denying

motion to compel where movant failed to contact respondent despite respondent's

"willingness and invitation to engage in further discussions" regarding its

discovery responses); *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120-21

(D. Nevada 1993) (denying motion to compel where "no substantive discussions

were conducted on the privilege issue" and "the parties have not even begun to

make a 'sincere effort' to resolve the privilege dispute amongst themselves.")

At a minimum, Plaintiffs should be ordered to meet and confer with E&Y

using the relevance log before another motion to compel is deemed ripe.

## II.     To Promote Judicial Efficiency and Consistency, Any Remaining Discovery Dispute Involving E&Y Should Not Be Decided in a Piece Meal Fashion Apart from the Discovery Occurring in the Class Action.

The discovery dispute presented in Plaintiffs' second Motion to Compel is a

piece of a much bigger puzzle and should not be decided in isolation.  Currently

pending before this Court is another motion to compel that Plaintiffs have filed

against the Company.  As part of that motion, the production of E&Y documents is

also an issue.  (*See* Motion to Compel Coca-Cola at 19.)  ("Coke's

communications with its auditor E&Y regarding audits and reviews of Coke's

financial statements or any E&Y consulting work relating to Coke's capitalization of vending assets (Request No. 26)").

For judicial efficiency and consistency, E&Y requests that any remaining discovery disputes that exist between Plaintiffs and E&Y after their meet and confer sessions should be decided in conjunction with the parties' discovery disputes and the Motion to Compel Coca-Cola.

## CONCLUSION

For the reasons set forth above, this Court should deny Plaintiffs' Motion to Compel, together with such other and further relief as the Court deems proper.

## LR 7.1(D) Certification

This brief has been prepared with Times New Roman, 14-point font.

This 6th day of May, 2005.

/s/ Elizabeth V. Tanis
SUTHERLAND ASBILL & BRENNAN LLP
Ga. Bar. No.: 697415
999 Peachtree Street, NE
Atlanta, GA  30309-3996
Tel.: (404) 853-8000
Fax: (404) 853-8806
Email:  *beth.tanis@sablaw.com*

HELLER EHRMAN LLP
Kathleen M. Scanlon (pro hac vice pending)
7 Times Square
New York, New York  10036-6524
Tel.: (212) 832-8300

Fax.: (212) 763-7600

Attorneys for Ernst & Young LLP

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on May 6, 2005, I electronically filed **NON-PARTY ERNST & YOUNG LLP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record registered with the Court.  Persons indicated with an asterisk additionally received a copy by Federal Express.

                      David Andrew Bain
                      Jeffrey S. Cashdan *
                      Martin D. Chitwood *
                      William P. Eiselstein
                      Krissi T. Gore
                      Craig Gordon Harley
                      Corey Daniel Holzer
                      Dan Shamus McDevitt *
                      M. Robert Thornton *

      I hereby certify that on May 6, 2005, I served a copy of **NON-PARTY ERNST & YOUNG LLP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** by Federal Express to the following:

                      Mary K. Blasy
                      William S. Lerach
                      David A. Thorpe
                      Lerach Coughlin Stoia Geller Rudman & Robbins
                      401 B Street, Suite 1700
                      San Diego, CA 92101-4297

                      Dennis J. Herman
                      Lerach Coughlin Stoia Geller Rudman & Robbins
                      Suite 2600
                      100 Pine Street
                      San Francisco, CA 94111

1

Sandra Stein
Lerach Coughlin Stoia & Robbins
1845 Walnut Street
9th Floor
Philadelphia, PA 19103

John Lewis, Jr.
The Coca-Cola Company
P.O. Box 1734
One Coca-Cola Plaza
Atlanta, GA 30301

Ronald L. Olson
Marc T. G. Dworsky
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

/s/ Elizabeth V. Tanis
Ga. Bar. No.: 697415